48383. CONCORD GROUP INSURANCE COMPANY v.
TERRY.

QUILLIAN, Judge. Cecil Terry (hereinafter referred to as appellee)

filed an action against the Concord Group Insurance Company (hereinafter referred to as appellant) seeking to recover damages for property losses insured against by appellant. Appellant answered the complaint, denying liability by asserting inter alia that the alleged insurance was not in force at the time of the appellee's loss. Appellant further supplemented its answer by asserting that the policy in question had been lawfully terminated by it in full compliance with Code Ann. § 56-2430.1 (Ga. L. 1960, pp. 289, 671; 1967, p. 653; 1968, pp. 1126, 1127; 1971, pp. 658—661).

The appellant moved for summary judgment in its favor on the grounds that there was no genuine issue of material fact and that based upon its compliance with Code Ann. § 56-2430.1, appellant was entitled to judgment as a matter of law. The motion was denied and the case is here for review. *Held:*

The appellant contends that it was not liable on the policy because it has sent the appellee notice of its intention not to renew the policy in compliance with Code Ann. § 56-2430.1 (C). Whether or not the appellant had complied with Code Ann. § 56-2430.1 (C) is not controlling in this case because the record shows there was no compliance with Code Ann. § 56-2430.1 (E) which provides: "When a policy is canceled, other than for nonpayment of premium, or in the event of a failure to renew or continue a policy, the insurer shall notify the named insured of his possible eligibility for insurance through the Georgia Automobile Assigned Risk Plan. Such notice shall accompany or be included in the notice of cancellation or the notice of intent not to renew, or not to continue the policy, and shall state that such notice of availability of the Georgia Automobile Assigned Risk Plan is given pursuant to this section."

This statute clearly states that the insured must be informed of the availability of the Georgia Automobile Assigned Risk Plan. This notice was not given in the case sub judice and therefore the notice sent to the insured did not comply with the statute and was of no effect. While it would appear that this provision was intended to apply where the policy was either canceled or not renewed because the insurance company felt that the insured was a poor risk, the statute does not so provide but in fact makes it apply in all cases where the policy is not renewed or canceled. The advisability of this rule is a question which addresses itself to the legislature and not the courts.

The denial of the summary judgment was not error.

*Judgment affirmed. Bell, C. J., and Deen, J., concur.*
ARGUED JULY 3, 1973 — DECIDED SEPTEMBER 20, 1973 —
REHEARING DENIED OCTOBER 17, 1973.

*Marcus B. Calhoun, Jr.,* for appellant.
*Hirsch & Hodges, Jacob Beil,* for appellee.